Date Signed:
June 24, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re | Case No. 11-01663<br>Chapter 13 |
| KELLY DEAN OKUDARA, | |
| Debtor. | Re: Docket No. 71, 96 |

## ORDER APPROVING CHAPTER 13 PLAN MODIFICATION
## AND DENYING TRUSTEE'S MOTION TO DISMISS

The confirmed plan in this chapter 13 case provides that the debtor would make monthly payments to the trustee and would also turn over to the trustee "all tax refunds [for certain tax years ] except to the extent that a refund is . . . subject by law to setoff, recoupment, or similar disposition . . . ."[1]

The trustee did not receive certain tax refunds for postpetition years and therefore moved to dismiss the case due to the debtor's apparent noncompliance with the plan. The debtor moved to modify the plan to excuse him from the obligation to turn over the missing tax refunds.

---

[1] Dkt. # 19 at ¶ 2.03.

After many months of inquiries by the debtor's counsel and the trustee, it appears that the debtor and his wife filed joint tax returns for 2012, 2013, and 2014 showing that the debtor and his wife were entitled to refunds. The Internal Revenue Service has applied (or will apply) the refunds for 2013 and 2014 to federal taxes owed by the debtor's wife (but not by the debtor) and will disallow the refund for 2012 because the debtor filed his return more than three years after it was due.

The plan provides that the debtor is not required to turn over tax refunds that are "subject by law to setoff, recoupment, or similar disposition." These refunds fall within this category. Neither the trustee nor the debtor challenges the lawfulness of the Internal Revenue Service's disposition of the refunds. The disposition of the 2013 and 2014 refunds is at least "similar" to a setoff or recoupment. As to the 2012 refunds, the debtor is not required to turn over refunds that he is not entitled to receive. Further, the trustee does not challenge the debtor's good faith or argue that he somehow orchestrated the application of tax refunds that are partly his to pay his wife's sole tax obligations. Therefore, the debtor is in compliance with his confirmed plan.

The debtor's motion to modify his plan is arguably unnecessary but was nevertheless an effective way of bringing the issue to the attention of the trustee, the creditors, and the court.

U.S. Bankruptcy Court - Hawaii   #11-01663   Dkt # 112   Filed  06/25/16   Page 2 of 3

For these reasons, the trustee's motion to dismiss is DENIED, and the debtor's motion to modify his plan will be GRANTED. Counsel for the debtor is directed to submit a proposed order approving the plan modification in the usual form.

## END OF ORDER

U.S. Bankruptcy Court - Hawaii   #11-01663   Dkt # 112   Filed  06/25/16   Page 3 of 3